## COOPER v BRADLYN
## YOUNGSTOWN (City) v BRADLYN

Ohio Appeals, 7th Dist, Mahoning Co No 1722 & 1726. Decided Oct 17, 1930

R. L. Thomas and H. H. Wickham, both of Youngstown, for Cooper.

E. L. Williams, Akron, and M. Mendelsshon, Youngstown, for Bradlyn.

MAUCK, J. (4th Dist) sitting in place of POLLOCK, J.

FARR, J.

It is claimed that this condition in the sidewalk had existed at least from December, 1928, and following the injury notice was served upon the defendants on April 30th, 1929, that this injury had been sustained by Bradlyn. The court allowed an amendment upon the trial below, under favor of **11363 GC**, which permits amendments to be made in the interests of justice. If it had been disclosed upon the the trial that the defendants were taken by surprise by this amendment or had not understood the claims of plaintiff as to what caused his injury, then it might well be said that the trial court abused its discretion in permitting the amendment, but not so in the instant case. The defendants below were undoubtedly advised as to just what Bradlyn claimed had contributed to or caused his injury. Therefore, there is no error in that behalf. Nor was the court in error in overruling the objection made at the close of plaintiff's opening statement in the court below, but as to the general proposition whether Abraham Bradlyn is entitled to recover in this case, it may be observed that the record discloses that some seven witnesses, Yasbek, Kern, Feldman, Kepley, Hirsh, Segel and Bradlyn, the plaintiff, testified in his behalf. It may be observed that this bridge extended over several railroad tracks underneath. It is said that at times smoke arose from passing trains, thus obscuring, partially at least objects thereabouts, and it is shown in evidence that at the time this aged Jewish gentleman claims to have fallen that there was considerable smoke in that vicinity, thus obscuring objects which might otherwise have been in clear view, although one witness for the defense claims otherwise.

Other witnesses testify, one especially, that he was traveling south on the westerly sidewalk at the bridge, that he saw Bradlyn fall, that it was dark and smoky; that he saw an automobile stop and two men gather up the prostrate body and place it in the automobile. This corroborates Abraham Bradlyn, who says that he caught his toe under this extension joint or strip of metal, and that his left foot had to be pulled from under the joint, and such is in fact the case. It is disclosed by another witness, Kepley, that Bradlyn's left foot was pulled from this extension joint.

There can be no question, and in fact there is no dispute between the parties but that Bradlyn fell, but there is some dispute as to the cause. The record is not clear as to his age; perhaps about seventy-eight years is about the age that is disclosed by the record. He is asked as to his age and he says "several over seventy". Evidently the old gentleman had forgotten his natal day but he was perhaps seventy-eight years of age.

The city and the county maintained what is called investigators, Johnson and Clupper. Attention had been called to this defect in the sidewalk, at least it was known as early as December, 1928. The real dispute arises between them with reference to the distance that the strip turned upward. It was intended to lay flat upon the pavement or sidewalk. The old gentleman and some others claim it extended upward some five or six inches, while some of the witnesses in behalf of the county and city say that it was just slightly turned up, one inch or something like that. So that it was a question as to the degree of elevation of this strip. However, the jury must have evidently found that it extended upward a sufficient distance to catch the toe of the old gentleman and throw him down.

It is not important to now discuss notice of this defect to either city or county. The elevation of the edge of the strip had continued long enough to charge them with constructive notice, if not in fact actual notice, by knowledge of the representative of the two defendants; therefore, there is sufficient testimony to sustain the right of a recovery by this man, who was on his way to church on this Saturday morning, and in view of the fact that this is probably a structure erected by the county, and in view of the fact that **3714 GC** provides in the concluding paragraph thereof that it is the duty of the city to keep its streets "open, in repair and free from nuisance", Bradlyn is entitled to recover in this case. There can be no question but what he was injured and that his injury is an impacted fracture of the neck of the left femur. He was put to considerable expense, and recovered in the sum of seventy-eight hundred dollars. It is not shown that he was a wage earner. It is not disclosed that there were any dependents upon him, and it is believed that, as claimed in one of the briefs in this case, that the verdict is somewhat excessive, although Bradlyn was rather seriously injured, but in view of the fact that he was of the age of about seventy-eight years, was no longer a wage earner, and that there are no dependents upon him, the verdict should be affirmed if a remittitur is consented to of all of that part of the judgment in excess of five thousand dollars, and if such remittitur be consented to the judgment will be affirmed; otherwise will be reversed as excessive.

Roberts, J, and Mauck, J, concur.